Ducker, Judge:
The cases of the claimants, Robert C. Owens, in the amount of $681.73, Vincent Lopez in the amount of $804.09, and Richard Gordon in the amount of $646.77 against the State Road Commission are based upon the same material facts stipulated by the parties as true, and by agreement are jointly considered by the Court. There is one fact of difference, which the Court considers as immaterial, to the effect that Owens and Gordon cooperated with the Road Commission officials in their investigation of the matters involved, while Lopez did not initially do so, and, as a result, Lopez was considered as disciplinarily suspended from November 9, 1967 through January 2, 1968, and consequently not completely exonerated from the charge of wrong-doing, while Owens and Gordon were completely exonerated from the charges against them without any recorded suspension.
The claims are for loss of wages as employees of the State Road Commission, the claimants being plant inspectors of District Four, whose duty it was to make gradation and quality reports on materials and supplies sold and delivered by suppliers to the Commission. Upon an investigation to determine whether reports of such inspections were correct, it was discovered -that false reports had been made by inspectors. In such investigation, eight inspectors, including these three clai *224 mants, were suspended from their employment, five of whom admitting the charges of falsification and these three claimants denying any guilt in the matter. Upon the hearing, all three of the claimants herein were found not guilty, and completely exonerated, and reinstated to their employment, but no compensation in the form of lost wages or damages otherwise was awarded them. The sole question here is whether they should be paid the amounts claimed herein as loss of wages they would have earned during the period of their suspension.
Counsel for the claimants admit that there are no department rules or regulations covering the situation here involved, and it further appears that the claimants held their employment without any specific tenure, but only at the will of Road Commission, and consequently, contractually they are without remedy at law unless as individuals they could maintain actions against the officers personally on some tort basis of damages resulting from the untrue charges made against them. It appears also that the claimants were not able to, or at least did not, procure other employment during the period of their unemployment, and consequently there was no reduction in their loss of wages. As they had no way of knowing how long the suspension would last, they could hardly have been expected to be able to minimize their loss by obtaining other employment, a quite improbable thing.
While it is generally the duty of this Court to base its findings against the State on grounds which would have been valid against an individual, nevertheless, we have the duty to weigh the equitable situation, particularly where the legal remedy may be insufficient. In the case here we are of the opinion that in equity and good conscience, these claimants have been unfairly damaged in their loss of wages during the period of the investigation of untrue charges as to which they were completely exonerated, and so we award the claimant, Robert C. Owens $681.73, Vincent Lopez $804.09 and Richard Gordon $646.77.
Awards:
Robert C. Owens $681.73.
Vincent Lopez $804.09.
Richard Gordon $646.77.